# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# HARRISONBURG DIVISION

| UNITED STATES OF AMERICA | ) | Criminal Action No. 5:02cr30020-13 |
|---|---|---|
| | ) | |
| v. | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| **ARNOLD JACKSON** | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

This matter is before the court on defendant Arnold Jackson's motion pursuant to 18 U.S.C. § 3582(c)(2) for recalculation of his guideline and a corresponding reduction of his sentence pursuant to an alleged amendment to the United States Sentencing Guidelines ("USSG"). Because the amendment that Jackson refers to has not yet been ratified by Congress and, therefore, is not in effect, the court denies his motion.

## I.

By amended judgement, entered January 17, 2007, the court resentenced Jackson for conspiring to distribute cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1). The court held Jackson responsible for at least 50G, but less than 150 G of cocaine base, giving him a base offense level of 32. See USSG § 2D1.1(c)(4). The court determined his total offense level to be 43 and his criminal history category to be I, which produced a guideline range of life. However, the court sentenced Jackson below the advisory guideline to 420 months imprisonment. Later, the court granted a substantial assistance motion and reduced Jackson's sentence to 260 months.

In his instant motion, Jackson asserts that § 2D1.1(c) of the USSG has been modified to change the cocaine base quantity thresholds in the drug quantity table established in § 2D1.1(c). He argues that § 2D1.1(c)(4) has been amended by striking "At least 50 G but less than 150 G of Cocaine Base" and inserting "At least 150 G but less than 500 G of Cocaine Base." Section

2D1.1(c)(4) carries a base offense level of 32. He also alleges that § 2D1.1(c)(5) has been amended by striking "At least 35 G but less than 50 G of Cocaine Base" and inserting "At least 50 G but less than 150 G of Cocaine Base." Section 2D1.1(c)(5) carries a base offense level of 30. Jackson argues that, under the alleged amendments, his new base offense level should be 30, instead of 32 and, therefore, his guideline calculation should be adjusted accordingly.

## II.

The amendments Jackson refers to were submitted to Congress by the United States Sentencing Commission on May 21, 2007. See Sentencing Guidelines for the United States Courts, 72 Fed. Reg. 28558 (May 21, 2007). However, congress has not ratified these proposed amendments yet. Moreover, even if Congress had already approved them, it is clear from the proposal that the amendments would not be effective until November 1, 2007. Still further, there is no indication that the amendments would be retroactive and, therefore, applicable to Jackson.

## III.

For the foregoing reasons, it is **ORDERED** and **ADJUDGED** that Jackson's motion to modify his sentence pursuant to § 3582(c)(2) is **DENIED**.

The Clerk is directed to send a certified copy of this Memorandum Opinion and Order to defendant.

**ENTER:** This July 20, 2007.

United States District Judge