CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
APR 2 3 2009
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 5:02cr30020-13 |
| | ) | |
| v. | ) | **2255 MEMORANDUM OPINION** |
| | ) | |
| ARNOLD JACKSON. | ) | By: Samuel G. Wilson |
| | ) | United States District Judge |

This is a motion pursuant to 28 U.S.C. § 2255 by Arnold Jackson challenging his conviction and 260-month sentence for conspiring to distribute cocaine base. Jackson alleges that this court and the Court of Appeals committed error and that he received ineffective assistance of counsel at trial, at sentencing, and on appeal. The court dismisses his claims of error by this court and the Court of Appeals on various grounds and dismisses his ineffective assistance claims on the merits.

## I.

On July 10, 2002, a Western District of Virginia grand jury returned a superseding indictment against twenty-six defendants, including Jackson, charging them with a variety of drug and firearm offenses related to distribution of crack cocaine. Jackson was charged with conspiring to possess with intent to distribute fifty grams or more of crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c). After a three-day trial, a jury found Jackson guilty of the conspiracy charge and not guilty of the firearm charge, and the court sentenced Jackson to life imprisonment – a sentence under the United States Sentencing Guidelines ("USSG").

Jackson appealed to the Fourth Circuit, challenging the sufficiency of the evidence and his sentence. The Fourth Circuit affirmed Jackson's conviction, but remanded the case for re-

sentencing in light of United States v. Booker, 543 U.S. 220 (2005). See United States v. Jackson, 141 Fed. Appx. 114 (4th Cir. 2005). Jackson filed a petition for rehearing en banc, which the Fourth Circuit denied, United States v. Jackson, No. 03-4631 (4th Cir. June 2, 2006), and the Supreme Court denied certiorari. 549 U.S. 1085 (2006).

On January 16, 2007, this court re-sentenced Jackson pursuant to the Fourth Circuit's remand and imposed a sentence of 420 months incarceration. Jackson appealed his sentence to the Fourth Circuit, arguing that this court erred by imposing an unreasonable sentence by presuming that a life sentence under the USSG was appropriate and by imposing a sentence that was far greater than necessary, in violation of his rights under the Sixth Amendment and 18 U.S.C. § 3553(a).

While his Fourth Circuit appeal was pending, Jackson moved this court to reduce his sentence based on an alleged USSG amendment. The court denied this motion because Congress had not yet ratified the amendment and it was therefore not in effect. United States v. Jackson, No. 5:02CR30020-13, 2007 WL 2126258 (W.D. Va. July 20, 2007). Also while his Fourth Circuit appeal was pending, the United States moved for substantial assistance under Rule 35(b). The court granted the motion and reduced Jackson's incarceration from 420 months to 260 months. After this court reduced Jackson's sentence based on substantial assistance, the United States responded to Jackson's pending Fourth Circuit appeal, arguing that the attack on his 420-month sentence was moot given this court's recent reduction. Jackson initially requested that his appeal not be dismissed as moot, but he later filed a motion to voluntarily dismiss his appeal, which the Fourth Circuit granted. See United States v. Jackson, No. 07-4130 (4th Cir. 2007).

Jackson then moved this court to reduce his sentence pursuant to USSG Amendments 9

2

and 12.[1] However, because neither amendment was retroactive, the court denied the motion. Jackson then moved to reduce his sentence again, this time pursuant to Amendment 706 to the USSG. The court took this motion under advisement. While his first motion was still pending, Jackson again moved to reduce his sentence based on the same amendment. On March 14, 2008, the court denied Jackson's motions for a reduction pursuant to Amendment 706, finding that his sentence of 260 months remained appropriate. Jackson appealed the court's decision, and the Fourth Circuit affirmed. United States v. Jackson, 289 Fed. Appx. 660 (4th Cir. 2008).

In his current § 2255 petition, Jackson claims that:

1) the Fourth Circuit did not adequately review the government's trial evidence and erroneously held that the evidence was sufficient to convict Jackson;

2) the district court imposed an unreasonable sentence and thus violated his rights under the Sixth Amendment and 18 U.S.C. § 3553(b);

3) the district court erred in declining to consider the USSG's 100:1 sentencing disparity between crack and powder cocaine;

4) trial counsel was ineffective in failing to:

   a) inform Jackson that he was not licensed to practice law in Virginia;

   b) "secure" Jackson's due process rights;

   c) "protect" Jackson from "erroneous and improper prosecution";

   d) resign from the case after "he realized he had breached the contract" between Jackson and himself;

   e) hire an investigator;

   f) ensure that Jackson received a copy or notice of the Fourth Circuit's decision so that he could properly exhaust his appeal;

---

[1] Amendments 9 and 12, both effective November 1, 2007, concern cocaine base sentencing and the calculation of a defendant's criminal history category, respectively.

3

    g)  present exculpatory evidence; and

5)  counsel on re-sentencing provided ineffective assistance.

## II.

Jackson claims that the Fourth Circuit inadequately reviewed his appellate claims and that the evidence against him was insufficient to support his conviction. The court finds that this claim is not cognizable on federal habeas review and dismisses it.

A federal habeas petitioner ordinarily cannot relitigate issues that have already been decided on direct review. Withrow v. Williams, 507 U.S. 680, 720-21 (1993); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (claims fully considered on direct appeal cannot be reconsidered on collateral attack); Herman v. United States, 227 F.2d 332 (4th Cir. 1955) (§ 2255 motion may not raise questions that were fully considered on appeal). Since Jackson raised his evidentiary sufficiency claim on direct appeal, and the Court of Appeals rejected it, this court now dismisses it on habeas review.[2]

## III.

Jackson claims that the sentence the court imposed is "unreasonable."[3] The court finds that his claim is procedurally defaulted because he did not raise it on direct appeal, and nothing excuses that procedural default.

"[H]abeas review is an extraordinary remedy and will not be allowed to do service for an appeal." Bousley v. United States, 523 U.S. 614, 621 (1998). Claims that could have been, but

---

[2]The court also notes that the Fourth Circuit's resolution of the claim is binding and reviewable only on appeal. Certainly, it is not reviewable by the district court.

[3]The court notes that in his § 2255 petition, Jackson argues that his sentence of 35 years is unreasonable; however, his sentence is actually for 260 months, or 21 years and 8 months.

4

were not, raised on direct appeal are procedurally defaulted and generally not cognizable in habeas review. This court may consider the claim despite procedural default, however, if the petitioner demonstrates cause and prejudice or actual innocence.[4] Schlup v. Delo, 513 U.S. 298, 321 (1995); United States v.Mikalajunas, 186 F.3d 490, 493-494 (4th Cir. 1999 ). Actual innocence means factual innocence, not merely the legal insufficiency of his conviction or sentence. Bousley, 523 U.S. at 623-24. "[P]risoners asserting innocence as a gateway to defaulted claims must establish that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 536-37 (2006) (internal quotation marks omitted).

Since Jackson did not raise his "unreasonable sentence" claim on direct appeal, it is procedurally defaulted unless he demonstrates cause and prejudice or actual innocence. Here, Jackson asserts that he is actually innocent. To support his actual innocence assertion, Jackson essentially argues that the evidence was insufficient to support his conviction. However, actual innocence means factual innocence, not merely legal insufficiency, and there is nothing that remotely suggests that Jackson is actually innocent. Accordingly, the court finds that Jackson procedurally defaulted this claim and, therefore, dismisses it.

## IV.

Jackson claims the court erred by not considering the USSG's 100:1 disparity between crack and powder cocaine. Jackson argues that "[t]he district court improperly ignored [his] request" to "sentence him to no more than 15 years" based on the disparity. He states that "[t]his matter should be remanded for resentencing with instructions that the court consider the [c]rack-

---

[4]Since Jackson does not allege cause and prejudice, the court does not address it further.

Case 5:02-cr-30020-SGW   Document 975   Filed 04/23/09   Page 5 of 12   Pageid#: 1460

cocaine powder disparity as a basis for imposing punishment well below the advisory guideline." Although he did not pursue this claim on direct appeal, the court assumes without deciding that he has not procedurally defaulted it. However, the court finds that Jackson's sentence is not based on the USSG and, therefore, rejects the claim on the merits.

When Jackson was sentenced, the Fourth Circuit did not permit a variance based on the USSG's disparity between crack and powder cocaine offenses. See United States v. Eura, 440 F.3d 625, 634 (4th Cir. 2006) (holding that 100:1 ratio could not be basis for variance), vacated, 128 S.Ct. 853, 169 L.Ed.2d 705 (U.S. Jan. 7, 2008) (No. 05-11659). After Jackson withdrew his appeal from the Fourth Circuit and before he filed his § 2255 petition, the Supreme Court abrogated Eura and decided Kimbrough v. United States, 128 S. Ct. 558 (2007). Kimbrough established that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve § 3553(a)'s purposes, even in a mine-run case." Id. at 575.

However, Jackson's 260-month sentence results from the government's Rule 35 substantial assistance motion based on Jackson's assistance in the investigation and prosecution of others. Fed. R. Crim. P. 35(b)(4). Rule 35 allows the court to impose a sentence below the applicable guideline range and below any minimum statutory penalties. See id. Therefore, in sentencing Jackson to 260 months incarceration, the court selected a sentence that it found appropriate for this defendant based on the facts and circumstances of his case, without regard to the existence of a 100:1 ratio. Essentially, for the same reason, the court denied Jackson's motion to reduce his sentence pursuant to Amendment 706 of the USSG. Accordingly, the court finds that Jackson's claim lacks merit and dismisses it.

6

## V.

Jackson also raises several ineffective assistance of counsel claims. The court finds that none of these claims meets Strickland's two-pronged test, and therefore dismisses them.

To demonstrate ineffective assistance of counsel, a petitioner must first show deficient performance, that is, that counsel's performance fell below an objective standard of reasonableness. Strickland v. Washington, 466 U.S. 668, 687-91 (1984); see also Williams v. Taylor, 529 U.S. 362 (2000). Courts apply a strong presumption that counsel's performance was within the range of reasonable professional assistance. Strickland, 466 U.S. at 689; see also Fields v. Attorney Gen. of Md., 956 F.2d 1290, 1297-99 (4th Cir.), cert. denied, 506 U.S. 885 (1992); Hutchins v. Garrison, 724 F.2d 1425, 1430-31 (4th Cir. 1983), cert. denied, 464 U.S. 1065 (1984); Marzullo v. Maryland, 561 F.2d 540 (4th Cir. 1977), cert. denied, 435 U.S. 1011(1978). In addition to proving deficient performance, a petitioner asserting ineffective assistance must prove that he suffered prejudice as a result of his counsel's deficient performance, that is, petitioner must show there is a reasonable probability that, but for counsel's unprofessional error, the outcome of the proceeding would have been different. Strickland, 466 U.S. at 694. The petitioner "bears the burden of proving Strickland prejudice." Fields, 956 F.2d at 1297 (citing Hutchins, 724 F.2d at 1430-31). If the petitioner fails to meet this burden, a "reviewing court need not consider the performance prong." Fields, 956 F.2d at 1290 (citing Strickland, 466 U.S. at 697). Jackson has not demonstrated ineffective assistance of counsel.

### A.

Jackson argues that his counsel, Billy Ponds, was ineffective in failing to inform Jackson that he was not licensed to practice law in Virginia and in failing to tell Jackson that he had

7

retained another attorney, Joseph Conte, to assist in Jackson's representation. In support of his claim, Jackson states that Ponds collected a retainer fee and signed a representation agreement without ever telling Jackson that he was not admitted to practice law in Virginia. Jackson argues that Ponds misled him into believing that Ponds was admitted in Virginia and that he paid Ponds to be a licensed attorney in Virginia. Jackson also states that he had a right to know who was hired with his money and argues that Ponds should have secured his permission before hiring Conte. He notes that, if Conte had become sick during trial, Jackson would have been without counsel because Ponds was not admitted to practice law in Virginia. However, Jackson has not alleged any prejudice resulting from Ponds's failure to inform him that Ponds was not admitted to the Virginia bar or by Ponds procuring Conte to assist in defending his case. Moreover, even if Ponds was not licensed to practice law in Virginia, the court admitted him pro hac vice to practice for Jackson's case. Therefore, the court finds that Jackson has not demonstrated prejudice, thus, his claims fail.

**B.**

Jackson also claims that counsel failed to "secure" Jackson's due process rights, failed to "protect" him from "erroneous and improper prosecution," and failed to "resign" from the case after Jackson "realized he had breached the contract." However, these claims are vague, and Jackson fails to offer any factual basis to support them. He does not explain what due process rights counsel allegedly failed to "secure" or how he failed to secure them; nor does he explain why his prosecution was "erroneous" or "improper" or how he was prejudiced by Ponds's failure to "resign." The court finds that Jackson's conclusory allegations fail to show deficient performance by his counsel or resulting prejudice. Accordingly, the court dismisses them.

8

## C.

Jackson alleges that counsel "caused the petitioner severe prejudice by not performing as effective . . . counsel under Strickland" by failing to hire an investigator. According to Jackson, the investigator would have interviewed the government's witnesses and other inmates who spoke with them, investigated the source of money he used to buy his home, and prepared a report of his work history. Jackson claims that Ponds agreed in their written contract to hire an investigator and that he paid Ponds for that purpose. Jackson states that he instructed Ponds to hire an investigator to investigate all the government's witnesses, especially Officer Mark Warner about an alleged previous demotion for planting evidence on defendants and his personal drug use. Jackson also became aware of certain inmates who spoke with the government's witnesses, who he claims could provide evidence that the government's witnesses were lying. Jackson says he informed Ponds about these inmates and their potential testimony, but Ponds never sent an investigator to interview them. Jackson argues that, if hired, an investigator could have discovered information to impeach these witnesses. Jackson also states that Ponds knew the government's allegation that Jackson bought his home with drug money was false, and that an investigator could have proven that, in fact, he purchased his home with loans from his mother, as shown by the cancelled checks for those loans that he provided to counsel. Jackson asserts that counsel's performance resulted in prejudice under Strickland because the evidence against him was only "hearsay," not "physical evidence."

In response, the United States offers Ponds's affidavit stating that, based on the information Jackson provided and Jackson's admission that he "was involved in the distribution of drugs in Washington, D.C. and Front Royal, Virginia, area . . . . there was little reason to

9

interview his co-conspirators to corroborate [those matters]." The United States argues that counsel's strategic decision-making based on information provided to him by his client was based on the facts and circumstances of Jackson's case, and such fact-dependant decision-making lies within the wide range of reasonable professional conduct contemplated by Strickland.

The court finds that Jackson has not shown prejudice as to any of his ineffective assistance claims relating to counsel's failure to hire an investigator. Regarding the claim that the investigator could have investigated Officer Warner, Jackson has alleged no wrong-doing by Officer Warner in his case, and more fundamentally, has alleged nothing to exculpate himself. Regarding the argument that the investigator could have interviewed all the government's witnesses to obtain information for use at the suppression hearing, Jackson does not explain what information the investigator might have discovered in any interview or how it would have affected the suppression hearing. Moreover, his argument that the information discovered during interviews of other inmates who spoke with the government's witnesses could have been used to impeach the witnesses is meritless because, as Jackson readily admits, counsel did impeach those witnesses during trial. Regarding the claim that an investigator could have prepared an outline of Jackson's work history to document his employment before the indictment, Jackson has not demonstrated that there is a reasonable probability that the outcome of his case would have been different had the jury heard that evidence. Indeed, the evidence proved that Jackson worked in the Washington, D.C. area during the week and showed up on the weekends in Front Royal, Virginia to sell cocaine to the crack addicts who lived there. Therefore, Jackson has demonstrated neither deficient performance nor prejudice resulting from his counsel's alleged failure to hire an investigator. Accordingly, the court dismisses the claim.

10

**D.**

Jackson argues that Ponds was ineffective in failing to ensure that Jackson received a copy or notice of the Fourth Circuit's decision so that he could exhaust his appeal. However, Jackson exhausted his appeals after his first sentencing and voluntarily withdrew his appeal after he was re-sentenced. Therefore, even if counsel did not provide Jackson with notice of the Fourth Circuit's decision, Jackson has not shown prejudice, and the court finds that his claim has no merit.

**E.**

Jackson argues that counsel provided ineffective assistance in failing to present exculpatory evidence that Jackson bought his home with gift money from his mother, not drug money. To support the claim, Jackson states that Ponds failed to investigate the source of money Jackson used to buy his home. He states that government suggested to the jury that Jackson bought the house with drug money. However, Jackson alleges that he had gift receipts to prove that he bought the house with money from his mother and that, had the jury heard evidence that his house was not bought with drug money, there is a strong probability that the result of his trial would have been different. However, any implication that Jackson bought his home with drug money was only a small part of the evidence against him. The evidence against him included the large sum of cash found in his possession; the rental car he used to drive to Front Royal; the scale with crack residue found in his car; testimony of many witnesses indicating that they had bought drugs from him or knew him to sell drugs; and testimony that, when stopped by police, he initially gave a false birth date and denied having identification, but eventually produced identification. The court finds that Jackson has not demonstrated prejudice resulting from counsel's failure to present evidence that Jackson did not buy his house with drug proceeds, and

11

accordingly rejects the claim.

## VI.

In his response to the government's Motion to Dismiss, Jackson also raises new claims that attorney Paul Beers provided ineffective assistance at Jackson's re-sentencing and on appeal. Specifically, Jackson states that Beers advised him not to repeat the statements he made at his first sentencing hearing, "refus[ed] to help" him, took the government's "side" by saying they would be happy with a reduced sentence, disregarded information from Jackson by arguing that Jackson should have received a 15 to 20-year sentence, and failed to file a supplement to Jackson's sentencing brief. According to Jackson, but for Beers's "misguided advice," Jackson would have "repeated exactly what he said at the first sentencing hearing" (which of course, resulted in a life sentence the first time around) and would have received a lesser sentence. However, at re-sentencing, the court did in fact reduce Jackson's sentence: At his first sentencing, the court sentenced Jackson to life imprisonment. Upon re-sentencing, the court imposed a sentence of 420 months (which it later reduced to 260 months). The court finds that Jackson has not overcome the presumption that counsel's performance fell within the range of sound trial strategy, and moreover, that he has not shown prejudice. Therefore, the court finds that Jackson has not met his burden under Strickland and, dismisses his claim.

## VII.

For the reasons stated herein, the court grants Respondent's Motion to Dismiss.

**ENTER:** This 23rd day of April, 2009.

UNITED STATES DISTRICT JUDGE

12

Case 5:02-cr-30020-SGW   Document 975   Filed 04/23/09   Page 12 of 12   Pageid#: 1467