CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
NOV 17 2010
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 5:02cr30020-13 |
| ) | |
| v. ) | MEMORANDUM OPINION |
| ) | |
| ARNOLD LLOYD JACKSON ) | By: Samuel G. Wilson |
| ) | United States District Judge |

This matter is before for the court on the successive motion of Arnold Lloyd Jackson for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Amendment 706.[1] The court denies the motion.

I.

In 2003, a jury found Jackson guilty of conspiring to distribute crack cocaine and the court imposed a guideline sentence of life. For different reasons, the court has reduced Jackson's sentence on various occasions. On July 9, 2007, the court last reduced Jackson's sentence to 260 months based upon the government's substantial assistance motion. Following that reduction, the court denied Jackson's motion pursuant to § 3582(c)(2) to reduce his sentence pursuant to Amendment 706 of the United States Sentencing Guidelines because it found that the 260-month sentence remained appropriate. Jackson appealed, and the United States Court of Appeals for the Fourth Circuit affirmed on August 20, 2008. United States v. Jackson, 289 F. App'x 660 (4th Cir. 2008). Jackson now claims that he is entitled to a further reduction under Amendment 706

---

[1] Jackson actually cites Amendment 9. However, it is clear that guideline Amendment 9, which has been in effect since June 15, 1988, has nothing to do with Jackson's offense. Jackson's confusion stems from the fact that, before being incorporated in the Supplement to Appendix C, Amendment 706 "was for a while called Amendment Nine of 2007." See United States v. Greene, No. 1:04cr00006, 2010 U.S. Dist. LEXIS 37782, 2010 WL 1192230, at *1 (N.D. Fla. Mar. 23, 2010).

because his amended base offense level was actually lower than the base offense level calculated by the court, resulting in a lower sentence.

## II.

Jackson is not entitled to raise successive § 3582(c)(2) motions based on the same retroactive Guideline amendment. At the very least, in the absence of "extraordinary circumstances[,]" Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 817 (1988), the law of the case doctrine precludes defendants from "re-litigating . . . challenges to their sentences in successive § 3582(c)(2) motions." United States v. Lopez, 296 F. App'x 922, 923 (11th Cir. 2008).[2] There are no extraordinary circumstances present here. Moreover, even if Jackson could bring a successive § 3582(c)(2) motion under the same Guideline amendment, the court still finds that his sentence of 260 months remains appropriate. Accordingly, the court denies Jackson's motion.

---

[2] Moreover, once the court has ruled on a § 3582(c)(2) motion, and its decision has been affirmed on appeal, a successive § 3582 motion based on the same retroactive Guideline amendment has all the hallmarks of an attack on the merits of the sentence that is ordinarily subject to the successive motion authorization process:

> When a § 3582 motion requests the type of relief that § 3582 provides for-that is, when the motion argues that sentencing guidelines have been modified to change the applicable guidelines used in the defendant's sentencing-then the motion is rightly construed as a motion to amend sentencing pursuant to § 3582. On the other hand, when a motion titled as a § 3582 motion otherwise attacks the petitioner's underlying conviction or sentence, that is an attack on the merits of the case and should be construed as a § 2255 motion. Any second or successive § 2255 motion shall be subjected to the authorization process mandated [for successive § 2255 motions.]

United States v. Carter, 500 F.3d 486, 490 (6th Cir. 2007).

## III.

For the reasons stated, the court denies Jackson's successive § 3582(c)(2) motion.

**ENTER:** This 17th day of November, 2010.

_____
United States District Judge